**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steven STEFFANI, Defendant–Appellant.**

**No. 05–10747.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2007.

Filed March 27, 2007.

Joseph A. Fazioli, U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

James Robert Courshon, Esq., Attorney at Law, San Mateo, CA, for Defendant–Appellant.

Before: B. FLETCHER and CLIFTON, Circuit Judges, and SHEA,* District Judge.

## MEMORANDUM **

Steven Steffani appeals the district court's denial of his request for a *Franks* hearing, his Motion to Suppress Evidence Seized Pursuant to Search Warrants, his accompanying Motion to Traverse and Quash Warrants and to Suppress Evidence Seized Pursuant Thereto, and his Motion to Strike the Declaration of Nora Fasshauer.

Mr. Steffani contends he is entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), based on six allegedly false or misleading statements made in the affidavit that was the basis for the search warrant that led to the seizure of the evidence Mr. Steffani seeks to suppress. In order to demonstrate the need for a *Franks* hearing:

> (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false [or which facts were omitted]; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof,

including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; [and] (5) the challenged statements must be necessary to find probable cause.

*United States v. Perdomo*, 800 F.2d 916, 920 (9th Cir.1986) (quoting *United States v. DiCesare*, 765 F.2d 890, 894–95 (9th Cir.1985)). The district court's denial of a *Franks* hearing is reviewed de novo. *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir.2000). However, "findings whether any statements were false or omitted and whether any such statements were intentionally or recklessly made" are reviewed for clear error. *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir.2003).

Of the six allegedly false or misleading statements, Mr. Steffani's offers of proof adequately substantiated two of the statements as potentially false or misleading. Specifically, Mr. Steffani was able to substantiate his claim that a list of 44 checks used in the affidavit erroneously contained four checks that were never cashed. He was also able to substantiate his claim that the affiant's statement regarding evidence of "tax evasion" was misleading. However, Mr. Steffani did not provide a detailed offer of proof to demonstrate that he had evidence showing the falsity of the embezzlement claim, which was the underlying purpose of the investigation. The two erroneous statements were not necessary for a finding of probable cause. Thus, Mr. Steffani fails to meet the requirements of *Perdomo* entitling him to a *Franks* hearing.

The bases for Mr. Steffani's appeal of the district court's orders denying his mo-

---

* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tions seeking suppression of the evidence arise out of his claim that he was entitled to a *Franks* hearing. Thus, our holding that Mr. Steffani was not entitled to a *Franks* hearing resolves his appeals of those orders.

Mr. Steffani also appeals the district court's denial of his Motion to Strike the Declaration of Nora Fasshauer, the original affiant. While the trial court abused its discretion in failing to strike Ms. Fasshauer's declaration, such failure was harmless as the trial court did not rely on the declaration in its denial of Mr. Steffani's request for a *Franks* hearing.

**AFFIRMED.**

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.